Amy P. Lally (SBN 198555)
Alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: +1 310 595 9500
Facsimile: +1 310 595 9501

Celia H. Spalding (SBN 313121)
Cspalding@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: +1 213 896 6000
Facsimile: +1 213 896 6600

Attorneys for Defendant
THE JUICE PLUS+ COMPANY, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTINE LUNSFORD, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE JUICE PLUS+ COMPANY, LLC, NATURAL ALTERNATIVES INTERNATIONAL, INC., and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 20-12<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d) AND 1441**<br><br><br><br>State Action Filed: November 22, 2019<br><br>State Action Served: December 2, 2019 |

NOTICE OF REMOVAL OF ACTION

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant The Juice Plus+ Company, LLC ("Juice Plus") removes to this Court the above-styled putative class action, pending as Case No. 19STCV42051 in the Superior Court for the County of Los Angeles (the "Class Action"). As grounds for removal, Juice Plus states as follows:

## Background

1. On November 22, 2019, plaintiff Christine Lunsford ("Plaintiff") filed the Class Action. Juice Plus was served on December 2, 2019. *See* Exhibit A.

2. Plaintiff alleges that Juice Plus made automatic renewal or continuous service offers to customers in California without providing the terms of such offers "in a clear and conspicuous manner and in visual proximity to the request for consent to the offer . . . ." Compl. (Ex. A) ¶ 2. Plaintiff alleges that Juice Plus charged customers' debit or credit cards without the affirmative consent of these customers to an agreement containing these terms and that Juice Plus failed to provide an acknowledgement containing these terms, the cancellation policy, and information about how to cancel the subscription in a manner allowing the consumer to retain it. *Id.* Finally, Plaintiff alleges that Juice Plus failed to provide an online method of cancellation to customers who accepted these automatic renewal and continuous service offers. *Id.*

3. Plaintiff asserts individual and putative class claims for violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*, based upon alleged violations of California's Automatic Renewal Law, Bus. & Prof. Code §§ 17600 *et seq.* ("ARL"). *Id.* at ¶¶ 54-63. The putative class includes "all persons within California that, within the applicable statute of limitations period up to and including entry of judgment in this matter, purchased any product or service in response to an offer constituting an 'Automatic Renewal' as defined by § 1601(a) of

1  the ARL from Defendants, their predecessors, or their affiliates, via the website
2  www.juiceplus.com." *Id.* at ¶ 24. Plaintiff estimates that "the Class includes thousands
3  of members." *Id.* at ¶ 26.

4      4.    Plaintiff seeks declaratory relief, injunctive relief, restitution damages,
5  and attorneys' fees. *Id.* at Prayer for Relief. Plaintiff seeks full restitution to Plaintiff
6  and Class Members "for all monies paid by Class Members under the subscription
7  agreements from their inception, to the date of such restitution at rates specified by
8  law." *Id.* at ¶ 60. Plaintiff also seeks declarations that the alleged violations are,
9  indeed, violations, and an injunction requiring Juice Plus to remedy them. *Id.* at Prayer
10 for Relief at ¶¶ A-I.

## Removal Is Proper and Timely

12     5.    <u>Removal is Timely</u>. This Notice of Removal is timely because it is being
13 filed within thirty days of receipt of a copy of the Complaint and Summons, which
14 occurred on December 2, 2019. *See* Exhibit A; 28 U.S.C. § 1446(b)(2)(B).

15     6.    <u>Removal to Proper Court</u>. The Class Action was filed in the Superior
16 Court of the State of California for the County of Los Angeles. This Court (the U.S.
17 District Court or the Central District of California) is the "district and division"
18 encompassing that state court. 28 U.S.C. § 1446(a).

19     7.    <u>Pleadings, Process and Orders</u>. Pursuant to 28 U.S.C. § 1446(a), copies
20 of all of the process, pleadings, and orders served upon or obtained by Juice Plus to
21 date (the "State Court File") are attached as Exhibit A (the Summons, Complaint,
22 Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, and Notice of Case
23 Assignment Unlimited Civil Case), Exhibit B (Minute Order), Exhibit C (Certificate
24 of Mailing), Exhibit D (Initial Status Conference Order), Exhibit E (Proof of Service
25 of Summons to the Juice Plus+ Company, LLC), Exhibit F (Proof of Service of
26 Summons to National Alternatives International, Inc.), and Exhibit G (Proof of
27 Service of Court Order and Initial Status Conference Order).

28

3
NOTICE OF REMOVAL OF ACTION

8.   <u>Filing and Service</u>. A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles and also will be served on Plaintiff through her counsel of record in accordance with 28 U.S.C. § 1446(d).

9.   <u>Consent to Removal</u>. Although consent of the other Defendants is not required for removal under CAFA, 28 U.S.C. § 1453(b), Defendant National Alternatives, Inc. ("NAI") does consent to this removal. Fortin Decl. (Ex. H) ¶ 5.

## This Court Has CAFA Diversity Jurisdiction

10.   Congress passed the Class Action Fairness Act ("CAFA") "primarily to curb perceived abuses of the class action device . . . ." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090 (9th Cir. 2010). "To achieve its purposes, CAFA provides expanded original diversity jurisdiction . . . ." *Id.* Under CAFA, there is no presumption against removal jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

11.   This Court has original CAFA jurisdiction because the Class Action is a putative class action in which at least one member of the putative class is a citizen of a state different from defendant Juice Plus, the number of putative class members exceeds 100, and the amount allegedly in controversy exceeds $5,000,000. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B).

12.   <u>This Is a Covered Class Action</u>. The Class Action was "filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Specifically, the Complaint is styled as a "CLASS ACTION" and brought on behalf of Plaintiff "and all others similarly situated" pursuant to California Code of Civil Procedure § 382, which is California's analogue to Rule 23 of the Federal Rules of Civil Procedure. Compl. (Ex. A) ¶ 20.

1  The Complaint expressly and repeatedly seeks relief "on behalf of" a class. *Id.* at ¶¶ 3, 56, 62-63.

3.   13.   <u>Minimal Diversity Is Satisfied</u>. CAFA's diversity requirement is satisfied so long as any member of the putative class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). Here, Plaintiff alleges that she is a citizen of California, Compl. (Ex. A) ¶ 12, and that the other members of the putative class are also citizens of California, *id.* at ¶ 24. Plaintiff alleges that "Juice Plus is a Tennessee limited liability company with its principal place of business" in Tennessee. *Id.* at ¶ 14. Juice Plus is in fact an LLC, so this Court must look to the citizenship of each of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

14.   As stated in the Declaration of Douglas Sean Hopkins, filed herewith, Juice Plus has two members: JP Intermediate B, LLC, which is a Delaware LLC, and NSA Incentive Plus, Inc., which is a corporation incorporated in Tennessee. Hopkins Decl. (Ex. I) ¶¶ 3-5. The principal place of business for both members is 140 Crescent Drive, Collierville, Tennessee 38017. *Id.* at ¶¶ 4-5.

15.   <u>The Proposed Class Exceeds 100 Members</u>. Plaintiff acknowledges that, due to the large number of Juice Plus customers, the putative class is comprised of "thousands of members." Compl. (Ex. A) ¶ 26.

16.   <u>The Amount in Controversy Exceeds $5,000,000</u>. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability" or a concession of liability. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Where, as here, a complaint does not affirmatively allege that the amount in controversy is *less* than $5,000,000, a removing defendant merely needs to allege plausible grounds that the amount in controversy exceeds the jurisdictional minimum. *Dart Cherokee,* 574 U.S. at 89 (rejecting argument that a defendant must submit evidence to support alleged amount in controversy in notice of removal).

Without conceding that Juice Plus is liable to Plaintiff or the putative class, in light of the allegations in the Complaint, CAFA's amount in controversy requirement is readily satisfied. As discussed in the Declaration of Sean Douglas Hopkins, over the last four years, 101,899 customers with California shipping addresses have purchased Juice Plus products that are subject to automatic reordering. Hopkins Decl. (Ex. I) ¶ 6. Given that Plaintiff seeks full restitution for the entire class, and the minimum cost for a single shipment of any Juice Plus product is $68, *id.* at ¶ 6, the amount in controversy requirement is satisfied. Plaintiff also seeks additional declaratory and injunctive relief, as well as attorneys' fees and costs, all of which are included in determining whether the amount in controversy requirement is met. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract"); *Luna v. Kemira Specialty, Inc.*, 575 F. Supp. 2d 1166, 1171 (C.D. Cal. 2008) ("[I]n determining the amount in controversy, we may also include the value of the requested injunctive relief to either party.")

17. <u>No CAFA Exceptions</u>. Although Juice Plus has no burden or obligation to rule out exceptions to CAFA jurisdiction, this case does not fall within any of the exceptions to CAFA jurisdiction because, among other reasons, Juice Plus is not a citizen of California. 28 U.S.C. § 1332(c), (d)(3), (d)(4); Compl. (Ex. A) ¶ 13. Moreover, Defendant NAI is only a contract manufacturer of Juice Plus's products and has no involvement in marketing or selling the products to consumers. Fortin Decl. (Ex. H) ¶¶ 3-4; Hopkins Decl. (Ex. I) ¶¶ 7-8. Its conduct does not form a "significant basis for the claims asserted by the proposed plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb). The local controversy exception to CAFA diversity jurisdiction, therefore, does not apply.

18. <u>Reservation of Rights</u>. Juice Plus reserves any and all defenses to the claims and allegations asserted against it in the Class Action, all of which it disputes

NOTICE OF REMOVAL OF ACTION

1 and denies, including but not limited to any and all contractual rights and defenses.
2 This Notice of Removal is filed without prejudice to the exercise of any such rights.
3     **WHEREFORE**, Juice Plus respectfully removes this action, now pending in
4 the Superior Court for the County of Los Angeles, to the United States District Court
5 for the Central District of California.

January 2, 2020                 Respectfully submitted,

                                       SIDLEY AUSTIN LLP

                                       By: */s/ Amy P. Lally*
                                          Amy P. Lally
                                          An Attorney for Defendant
                                          THE JUICE PLUS+ COMPANY, LLC

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is SIDLEY AUSTIN LLP, 555 West Fifth Street, Los Angeles, CA 90013.

On January 2, 2020, I served the foregoing document(s) described as **NOTICE OF REMOVAL OF ACTIONS UNDER 28 U.S.C. §§ 1332(d) AND 1441** on all interested parties listed below in this action as follows:

> Evan J. Smith, Esquire
> Ryan P. Cardona, Esquire
> Brodsky & Smith, LLC
> 9595 Wilshire Blvd., Ste. 900
> Beverly Hills, CA 90212
>
> *Attorneys for Plaintiff*

☒ (VIA U.S. MAIL) I served the foregoing document(s) by U.S. Mail, as follows: I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above. I placed each such envelope with postage thereon fully prepaid, for collection and mailing at Sidley Austin LLP, Los Angeles, California. I am readily familiar with Sidley Austin LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 2, 2020, at Los Angeles, California.

*/s/ Celia H. Spalding*
Celia H. Spalding