# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE JUICE PLUS+ COMPANY, LLC, NATURAL ALTERNATIVES
INTERNATIONAL, INC., and DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRISTINE LUNSFORD, on behalf of herself and all others similarly
situated,

> *FOR COURT USE ONLY*
> *(SOLO PARA USO DE LA CORTE)*
>
> **CONFORMED COPY**
> **ORIGINAL FILED**
> Superior Court of California
> County of Los Angeles
>
> **NOV 22 2019**
>
> Sherri R. Carter, Executive Officer/Clerk of Court
>
> By: Isaac Lovo, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* **19STCV42051** |
|---|---|

Superior Court of California - Los Angeles County
111 N. Hill St., Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Evan Smith(242352) Brodsky & Smith, 9595 Wilshire Blvd., Ste 900, Beverly Hills, CA 90212  877-534-2590

| DATE: *(Fecha)* **NOV 22 2019** | **SHERRI R. CARTER** | Clerk, by *(Secretario)* Isaac Lovo | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* THE JUICE PLUS+ COMPANY, LLC

   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1
2  Evan J. Smith, Esquire (SBN 242352)
   Ryan P. Cardona, Esquire (SBN 302113)
3  BRODSKY & SMITH, LLC
   9595 Wilshire Blvd., Ste. 900
4  Beverly Hills, CA 90212
   Telephone: (877) 534-2590
5  Facsimile: (310) 247-0160

6  *Attorneys for Plaintiff*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 22 2019

Sherri R. Carter, Executive Officer/Clerk of Court

By: Isaac Lovo, Deputy

7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF LOS ANGELES

10  CHRISTINE LUNSFORD, on behalf of        Case No.:        **19STCV42051**
    herself and all others similarly situated,
11                                          CLASS ACTION COMPLAINT FOR:
                    Plaintiff,
12                                          1.  VIOLATIONS OF CALIFORNIA'S
          vs.                                   UNFAIR COMPETITION LAW (BUSINESS
13                                              AND PROFESSIONS CODE §§ 17200 et
    THE JUICE PLUS+ COMPANY, LLC,               seq.)
14  NATURAL ALTERNATIVES
    INTERNATIONAL, INC., and DOES 1-        **JURY TRIAL DEMANDED**
15  10, inclusive,
                                                            **By Fax**
16                  Defendants.

17
18         Plaintiff Christine Lunsford ("Plaintiff"), by and through her attorneys, alleges the

19  following based upon personal knowledge as to her own acts, and upon information and belief and

20  her attorneys' investigation as to all other facts.

21         1.    Plaintiff, on behalf of herself and on behalf of a Class (defined herein) of California

22  citizens who purchased subscriptions for dietary supplements, from defendants The Juice Plus+

23  Company, LLC and Natural Alternatives International, Inc. (collectively, "Juice Plus"), brings this

24  class action complaint for violations of California's Unfair Competition Law, Bus. & Prof. Code

25  §§ 17200 et seq. (the "UCL") based upon Juice Plus's violations of California's Automatic

26  Renewal Law, Bus & Prof. Code §§ 17600 et seq. (the "ARL"). The Class includes all California

27  citizens who purchased product subscriptions from Juice Plus within the applicable statute of

28  limitations period up to and include the date of judgment in this action (the "Relevant Period").

                                    - 1 -
                                  COMPLAINT

1  Plaintiff and Class members are consumers for purposes of Cal. Bus. & Prof. Code §§ 17600 -
2  17606.

3          2.      During the Relevant Period, Juice Plus made automatic renewal or continuous
4  service offers to consumers in California and (i) at the time of making the automatic renewal or
5  continuous service offers, failed to present the terms of said offers in a clear and conspicuous
6  manner and in visual proximity to the request for consent to the offer before the subscription or
7  purchasing agreement was fulfilled in violation of Cal. Bus. & Prof. Code § 17602(a)(1); (ii)
8  charged Plaintiff's and Class member's credit or debit cards, or third-party account (the "Payment
9  Method(s)") without first obtaining Plaintiff's and Class members' affirmative consent to the
10 agreement containing the automatic renewal offer terms or continuous service offer terms in
11 violation of Cal. Bus. & Prof. Code § 17602(a)(2); (iii) failed to provide an acknowledgment that
12 includes the automatic renewal or continuous service offer terms, cancellation policy, information
13 regarding how to cancel in a manner that is capable of being retained by the consumer in violation
14 of Cal. Bus. & Prof. Code §§ 17602(a)(3), 17602(b); and (iv) failed to provide an online method
15 of termination for the automatic renewal or continuous service offer to Plaintiff and other class
16 members who accepted such automatic renewal or continuous service offer online in violation of
17 Cal. Bus. & Prof. Code §§ 17602(c).  As a result of such violations by Juice Plus, all goods, wares,
18 merchandise, or products sent to Plaintiff and Class Members under the automatic renewal or
19 continuous service agreements are deemed to be an unconditional gift pursuant to Cal. Bus. &
20 Prof. Code § 17603.

21         3.      Plaintiff, on behalf of himself and the Class, seeks, declaratory relief, injunctive
22 relief, reasonable attorneys' fees, and any other relief that this Court deems necessary, just, proper,
23 and appropriate pursuant to Cal. Bus. & Prof. Code, §§ 1603, 17203, 17204, and Cal. Code. Civ.
24 Pro. § 1021.5.

25                             **STATUTORY BACKGROUND**

26         4.      As of December 1, 2010, the ARL has been in effect in California.   The
27 Legislature's stated intent for enacting the ARL was "to end the practice of ongoing charging of
28 consumer credit or debit cards or third party payment accounts without the consumers' explicit

consent for ongoing shipments of a product or ongoing deliveries of service." Cal. Bus. & Prof. Code § 17600.

5. The ARL makes it unlawful for any business making an automatic renewal or continuous service offer to a consumer in California to do any of the following:

(a)(1) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer. If the offer also includes a free gift or trial, the offer shall include a clear and conspicuous explanation of the price that will be charged after the trial ends or the manner in which the subscription or purchasing agreement pricing will change upon conclusion of the trial;

(a)(2) Charge the consumer's credit or debit card, or the consumer's account with a third party for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms, including the terms of an automatic renewal offer or continuous service offer that is made at a promotional or discounted price for a limited period of time; or

(a)(3) Fail to provide an acknowledgment that includes the automatic renewal offer terms or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. If the automatic renewal offer or continuous service offer includes a free gift or trial, the business shall also disclose in the acknowledgment how to cancel, and allow the consumer to cancel, the automatic renewal or continuous service before the consumer pays for the goods or services.

*See*, Cal. Bus. & Prof. Code § 17602(a).

6. The ARL defines the term "Automatic Renewal" as "a plan or arrangement in which a paid subscription or purchasing agreement is automatically renewed at the end of a definite term for a subsequent term." *See*, Cal. Bus. & Prof. Code § 17601(a).

7. The ARL defines the term "Automatic renewal offer terms" as the "following clear and conspicuous disclosures":

(a) That the subscription or purchasing agreement will continue until the consumer cancels;

(b)     The description of the cancellation policy that applies to the offer;

(c)     The recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known;

(d)     The length of the automatic renewal term or that the service is continuous, unless the length of the term is chosen by the consumer; and

(e)     The minimum purchase obligation, if any.

*See*, Cal. Bus. & Prof. Code § 17601(b).

8.     The ARL defines "clear and conspicuous" or "clearly and conspicuously" to mean, "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language." *See*, Cal. Bus. & Prof. Code § 17601(c).

9.     The ARL mandates that such services shall be made readily cancellable by consumers, specifically stating, "A business that makes an automatic renewal offer or continuous service offer shall provide a toll-free telephone number, electronic mail address, a postal address if the seller directly bills the consumer, or it shall provide another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment specified in paragraph (3) of subdivision (a)." *See*, Cal. Bus. & Prof. Code §17602(b).

10.     Furthermore, the ARL mandates that, "In addition to the requirements of subdivision (b), a consumer who accepts an automatic renewal or continuous service offer online shall be allowed to terminate the automatic renewal or continuous service exclusively online, which may include a termination email formatted and provided by the business that a consumer can send to the business without additional information." *See*, Cal. Bus. & Prof. Code § 17602(c).

11.     Pursuant to § 17603 of Cal. Bus. & Prof. Code, "In any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service

- 4 -
COMPLAINT

1   agreement or automatic renewal of a purchase, without first obtaining the consumers affirmative

2   consent as described in § 17602, the goods, wares, merchandise, or products shall for all purposes

3   be deemed an unconditional gift to the consumer, who may use or dispose of the same in any

4   manner he or she sees fit without any obligation whatsoever on the consumer's part to the business,

5   including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares,

6   merchandise, or products to the business."

7                              **PARTIES AND STANDING**

8          12.     Plaintiff is a citizen of California.  Plaintiff purchased a subscription plan from

9   Juice Plus's website and subscription dietary supplement delivery service, www.juiceplus.com, in

10  California during the Relevant Period.  Plaintiff and Class Members are consumers as defined

11  under Cal. Bus. & Prof. Code § 17601(d).

12         13.     Plaintiff is informed and believes, and thereon alleges, that defendant The Juice

13  Plus+ Company, LLC is a Tennessee limited liability company with its principal place of business

14  located at 140 Crescent Dr., Collierville, TN 38017-3374.

15         14.     Plaintiff is informed and believes, and thereon alleges, that defendant Natural

16  Alternatives International, Inc. is a Delaware corporation with its principal place of business

17  located at 1535 Faraday Avenue, Carlsbad, CA 92008.

18         15.     Plaintiff is informed and believes, and thereon alleges, that defendants The Juice

19  Plus+ Company, LLC and Natural Alternatives International, Inc. together own, operate, and

20  provide to the public in California, the United States, and elsewhere, www.juiceplus.com, and has

21  done so throughout the Relevant Period.  The website www.juiceplus.com provides access to a

22  monthly dietary supplement subscription service, the products of which are also manufactured by

23  The Juice Plus+ Company, LLC and Natural Alternatives International, Inc.  During the Relevant

24  Period Juice Plus made, and continues to make, automatic renewal or continuous service offers to

25  consumers in California.   Juice Plus's automatic renewal and/or continuous service plan is

26  marketed and known as "Juice Plus+".

27         16.     At all relevant times, each and every defendant was acting as an agent and/or

28  employee of each of the other defendants and was acting within the course and/or scope of said

agency and/or employment with the full knowledge and consent of each of the defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other defendants (Juice Plus and DOE Defendants will hereafter collectively be referred to as "Defendants").

17.     The true name and capacities of the defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such defendants by fictitious names. Each of the defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction over this action. This Court has personal jurisdiction over Defendants because they conducted and continue to conduct substantial business in the State of California, County of Los Angeles, and Defendant's offending website is available across California.

19.     Venue is proper in this Court because Defendants conduct substantial business in this County. Venue is also proper in this Court because a substantial portion of the misconduct alleged herein occurred in the County of Los Angeles.

## CLASS ACTION ALLEGATIONS

20.     Class actions are certified when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court. Cal. Civ. Proc. Code § 382. The California Supreme Court has stated that a class should be certified when the party seeking certification has demonstrated the existence of a "well-defined community of interest" among the members of the proposed class. *Richmond v. Dart Indus., Inc.*, 29 Cal.3d 462, 470 (1981); *see also Daar v. Yellow Cab Co.*, 67 Cal.2d 695, 704 (1967).

21.     Class actions are especially valuable in a context such as this one, in which individual relief may be modest. It is well settled that a plaintiff need not prove the merits of the action at the class certification stage.

22.     Rather, the decision of whether to certify a class is "essentially a procedural one" and the appropriate analysis is whether, assuming the merits of the claims, they are suitable for resolution on a class-wide basis:

> As the focus in a certification dispute is on what types of questions common or individual are likely to arise in the action, rather than on the merits of the case, in determining whether there is substantial evidence to support a trial court's certification order, we consider whether the theory of recovery advanced by the proponents of certification is, as an analytical matter, likely to prove amenable to class treatment.

*Sav-On Drug Stores, Inc. v. Superior Court*, 34 Cal.4th 319, 327 (2004) (citations omitted).

23.     In addition, the assessment of suitability for class certification entails addressing whether a class action is superior to individual lawsuits or alternative procedures for resolving the controversy.   *Capitol People First v. State Dept. of Developmental Services* (2007) 155 Cal.App.4th 676, 689.

24.     Plaintiff brings this action on behalf of herself, and on behalf of all others similarly situated.  The Class consists of all persons within California that, within the applicable statute of limitations period up to and including entry of judgment in this matter, purchased any product or service in response to an offer constituting an "Automatic Renewal" as defined by § 1601(a) of the ARL from Defendants, their predecessors, or their affiliates, via the website www.juiceplus.com (the Class).

25.     Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, and individuals bound by any prior settlement.  Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter.

26.     The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes thousands of members.  This amount likely reflects hundreds of thousands of unique customers, many of them California citizens, who have signed up for

Defendants' auto-renewal services. Plaintiff alleges that the Class may be ascertained by the records maintained by Defendants.

27. Common questions of law and fact exist as to all members of the Class, and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

(a) Whether during the Relevant Period Defendants failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner before the subscription or purchasing agreement was fulfilled and in visual proximity to the request for consent to the offer in violation of Cal. Bus. & Prof. Code § 17602(a)(1);

(b) Whether during the Relevant Period Defendants charged Plaintiff's and Class Members' Payment Method(s) for an automatic renewal or continuous service without first obtaining Plaintiff's and Class Members' affirmative consent to the automatic renewal offer terms or continuous service offer terms in violation of Cal. Bus. & Prof Code § 17602(a)(2);

(c) Whether during the Relevant Period Defendants failed to provide an acknowledgment that included the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members, in violation of Cal. Bus. & Prof. Code § 17602(a)(3);

(d) Whether during the Relevant Period Defendants failed to provide an acknowledgment that describes a cost-effective, timely, and easy-to-use mechanism for cancellation in violation of Cal. Bus. & Prof. Code § 17602(b);

(e) Whether during the Relevant Period Defendants failed to provide an online method of termination for its automatic renewal or continuous service offer service to those members who signed up for said automatic renewal or continuous service offers online in violation of Cal. Bus. & Prof. Code § 17602(c

(f) Whether Plaintiff and Class Members are entitled to restitution of money paid in circumstances where the goods and services provided by Defendants are deemed an unconditional gift in accordance with Cal. Bus. & Prof. Code § 17603;

(g) Whether Plaintiff and Class Members are entitled to restitution in accordance with Cal. Bus. & Prof. Code §§ 17200, 17203

(h) Whether Plaintiff and Class Members are entitled to injunctive relief under Cal. Bus. & Prof. Code § 17203;

   (i)  Whether Plaintiff and Class Members are entitled to attorneys' fees and costs under California Code of Civil Procedure § 1021.5.

28. Plaintiff's claims are typical of the claims of the members of the Class, as Plaintiff and members of the Class sustained and continue to sustain injuries arising out of Defendants' conduct or omissions in violation of state law as complained of herein.  Plaintiff, like all other members of the Class, claims that Defendants have violated state law by violating the ARL and UCL by, *inter alia* at the time of making an automatic renewal/continuous service offer, (i) failing to present the terms of said offers in a clear and conspicuous manner and in visual proximity to the request for consent to the offer before the subscription or purchasing agreement was fulfilled in violation of Cal. Bus. & Prof. Code § 17602(a)(1); (ii) charging Plaintiff's and Class member's Payment Method(s) without first obtaining Plaintiff's and Class members' affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms in violation of Cal. Bus. & Prof. Code § 17602(a)(2); and (iii) failing to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer in violation of Cal. Bus. & Prof. Code §§ 17602(a)(3), 17602(b).

29. Plaintiff will fairly and adequately protect the interests of the members of the Class, and has retained counsel competent and experienced in class action litigation.  Plaintiff has no interests antagonistic to, or in conflict with, those of the Class.

30. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since joinder of all members is impracticable.  Furthermore, because the damages suffered by the individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class individually to redress the wrongs done to them.

31. There will be no difficulty in the management of this action as a class action. Moreover, judicial economy will be served by the maintenance of this lawsuit as a class action, in that it is likely to avoid the burden which would be otherwise placed upon the judicial system

1   by the filing of thousands of similar suits by disabled people across the California.  There are no

2   obstacles to effective and efficient management of the lawsuit as a class action.

3   **RELEVANT FACTUAL BACKGROUND**

4   **Juice Plus's Business**

5       32.   Juice Plus offers, at its website, found at www.juiceplus.com, subscriptions for the

6   delivery of monthly dietary supplements, and related products.  Juice Plus's service constitutes an

7   automatic renewal and/or continuous service plan or arrangement pursuant to the ARL.  Cal. Bus.

8   & Prof. Code § 17601(a).

9   **Plaintiff's Subscription**

10      33.   On August 20, 2019, Plaintiff visited Defendants' website, www.juiceplus.com,

11  and purchased online, for monthly delivery, one package of "JP+ Caps 3 Blend" dietary

12  supplements, (the "Product(s)").   Plaintiff's credit card incurred a $71.25 charge (inclusive of

13  shipping and taxes) for the purchase of the Products.

14      34.   Also on August 20, 2019, after placing her order, Plaintiff received an email from

15  Juice Plus ("Email 1") that indicated that her delivery was on its way and provided tracking

16  information.

17      35.   Thereafter on August 26, 2019, Plaintiff received a second email ("Email 2") from

18  Juice Plus that welcomed the Plaintiff to Juice Plus and indicated that her first order had been

19  placed and that the shipment was on its way.

20      36.   Plaintiff received the first order of Products from Juice Plus shortly thereafter.

21      37.   On or about September 20, 2019, Plaintiff received was charged for a second order

22  of the Products.

23      38.   Shortly thereafter Plaintiff received the second order of Products from Juice Plus.

24      39.   On October 20, 2019, Plaintiff received was charged for a second order of the

25  Products.

26      40.   Shortly thereafter Plaintiff received a third order of Products from Juice Plus

27      41.   From August 2019 through the present, Juice Plus has continually delivered the

28  Products to Plaintiff on a monthly basis.

42.     Because the "automatic renewal offer terms" (the "AROT") were not properly disclosed Plaintiff did not understand the frequency at which she would continue to be charged $71.25.

43.     As a result of Defendants not properly displaying the AROT at the time of purchase, or providing the AROT in subsequent emails, Plaintiff, unbeknownst to her, incurred at least three (3) monthly charges of $71.25 for Products she did not wish to receive.

44.     Plaintiff's Counsel, upon being retained to investigate Juice Plus's violations of the ARL and the UCL by the Plaintiff, engaged the services of an expert to analyze Juice Plus's website as it is presented to the public.

**ARL VIOLATION 1 – Juice Plus Fails to Disclose the Automatic Renewal Offer Terms in a Clear and Conspicuous Manner in Violation of Cal. Bus. & Prof. Code § 17601**

45.     Juice Plus is required to "clearly and conspicuously" disclose the AROT. *See*, Cal. Bus. & Prof. Code § 17601.  Throughout the Relevant Period, Juice Plus has failed to meet this requirement.  Specifically, Juice Plus's website, www.juiceplus.com contains no section that properly discloses the AROT related to its subscription/renewal service.  In fact, the only information related to the service is a one sentence description of how to cancel the service by either calling or e-mailing Juice Plus; this small kernel of information is only accessible via a hyperlink labeled only as "Return Policy" which leads to a section titled "Satisfaction Guaranteed" in the footer of its website, below the fold.  This small amount of information, insufficient to constitute a properly AROT, is not clearly and conspicuously disclosed because this page can only be accessed via a hyperlink labeled as "Return Policy" which leads to a section titled "Satisfaction Guaranteed" located at a footer on the home page of www.juiceplus.com, and which is not apparent until a user scrolls past the fold of the webpage.

**ARL VIOLATION 2 – Juice Plus Fails to Present the Automatic Renewal Offer Terms in a Clear and Conspicuous Manner Before the Subscription or Purchasing Agreement is Fulfilled and in Visual Proximity to the Request for Consent to the Offer in Violation of Cal. Bus. & Prof. Code § 17602(a)(1)**

46.     Juice Plus is required to "clearly and conspicuously" disclose the AROT on the checkout screen. *See*, Cal. Bus. & Prof. Code § 17602(a)(1).  Juice Plus does not do this.  Again, at checkout, www.juiceplus.com does not provide a viable AROT whatsoever, and as such,

- 11 -
COMPLAINT

provides no recitation of an AROT nor does it provide a link to the AROT near the point of acceptance.  Additionally Juice Plus does not provide any language referencing an AROT or any other such terms, including cancellation instructions, on the checkout page.

47.  Notably, cancellation information (but not a complete AROT), can only be accessed via a hyperlink in the footer of the www.juiceplus.com.  Moreover, on the website, the as "Return Policy" which leads to a section titled "Satisfaction Guaranteed" hyperlink is located in the general footer of the websites home page only and is not located at all on the checkout page of the website. Clearly the minimal terms given related to an AROT are not given in a "clear and conspicuous" manner that clearly calls attention to the language before the subscription or purchasing agreement is fulfilled and in visual proximity thereto.  In order to properly comply with the terms of the ARL, Juice Plus should disclose proper information constituting an AROT and place it directly on the checkout screen.

**ARL VIOLATION 3 – Juice Plus Fails to Obtain Affirmative Consent to the Automatic Renewal Offer Terms Before the Subscription or Purchasing Agreement is Fulfilled and Charged to the Plaintiff and Other Consumers in Violation of Cal. Bus. & Prof. Code § 17602(a)(2)**

48.     Juice Plus is required to obtain the "consumer's affirmative consent to the agreement containing the automatic renewal offer terms", and must obtain such affirmative consent before charging the consumer's Payment Method.

49.     "Affirmative consent" is an express act such as a check-box or similar button/mechanism that must be chosen/selected before the purchase order can be submitted/completed.[1]

50.     As shown in the figure above, at checkout, www.juiceplus.com provides only for a button that states "Purchase" without any presentation of the AROT or any language referencing the same. www.juiceplus.com fails to provide any check-box or similar mechanism to indicate that the consumer has read, understood and has affirmatively consented to any AROT. In fact, no reference to any AROT is made on the checkout page of the website at all.

51.     As a result, during the Relevant Period, prior to charging Plaintiff's and Class members' Payment Method(s), Defendants failed to obtain Plaintiff's and Class members'

---

[1] California courts have provided judicial guidance as to what constitues "affirmative consent" under the ARL. In both *eHarmony* and *Beachboy*, California courts have taken the position that affirmative consent under the ARL must be obtained through an "express act" by the consumer to consent to the terms of the automatic renewal contract. In the final judgment against Beachbody, the court held that "consent is obtained by an express act by the consumer through a check-box, signature, express consent button or other substantially similar mechanism that consumers must select to give their consent. This mechanism cannot relate to consent for anything other than the automatice renewal or continuous service offer terms." *People of the State of California v Beachbody LLC,* Case No. 55029222, Superior Court for the State of California, Los Angeles County (Aug. 24, 2017). Similarly, in the final judgment against eHarmony the court reiterated this position stating that "consent is obtained by an express act by the consumer through a check-box, signature, or other substantially similar mechanism that consumers must affirmatively select or sign to accept the  AUTOMATIC RENEWAL OFFER TERMS and no other part of the transaction." *People of the State of California v eHarmony Inc.,* Case No. 17-cv-03314, Superior Court for the State of California, County of Santa Cruz (Jan. 8, 2018).

1    affirmative consent to the automatic renewal/continuous service offer terms as required by Cal.

2    Bus. & Prof. Code § 17602(a)(2).

3         52.     Because of Defendants' failure to gather affirmative consent to the automatic

4    renewal terms, all goods, wares, merchandise, or products sent to Plaintiff and Class members

5    under the automatic renewal/continuous service agreement are deemed to be an unconditional gift

6    pursuant to Cal. Bus. & Prof. Code § 17603, and Plaintiff and Class members may use or dispose

7    of the same in any manner they see fit without any obligation whatsoever on their part to

8    Defendants, including, but not limited to, bearing the cost of, or responsibility for, shipping any

9    goods, wares, merchandise or products.

10   **ARL VIOLATION 4 – Juice Plus Failed to Provide an Acknowledgment as Required by**
     **Cal. Bus. & Prof. Code § 17602(a)(3) and 17602(b)**

11

12        53.     Furthermore, and in addition to the above, after Plaintiff and Class members

13   subscribed to www.juiceplus.com, Defendants sent to Plaintiff and Class members email follow-

14   ups to their purchases, including email(s) entitled "Your Juice Plus+ Order." and "Your Order Has

15   Shipped!" but has failed, and continues to fail, to provide an acknowledgment that includes the

16   automatic renewal offer terms or continuous service offer terms, cancellation policy, and

17   information regarding how to cancel in a manner that is capable of being retained by Plaintiff and

18   Class members in violation of Cal. Bus. & Prof. Code § 17602(a)(3), and 17602(b).

19                                **FIRST CAUSE OF ACTION**

20    **Violation of the Unfair Competition Law - (Cal. Bus. & Prof. Code § 17200 et seq.)**

21        54.     Plaintiff incorporates by reference the above allegations set forth in the Complaint

22   as if fully set forth herein.

23        55.     The UCL prohibits unfair competition in the form of any "unlawful, unfair or

24   fraudulent business act or practice." *See*, Cal. Bus. & Prof. Code § 17200.

25        56.     The UCL permits "a person who has suffered injury in fact and has lost money or

26   property" to prosecute a civil action for violation of the UCL.  This civil action may be brought

27   individually or on behalf of the injured individual and all others similarly situated who are affected

28   by the unlawful and/or unfair business practice or act. *See*, Cal. Bus. & Prof. Code § 17204.

57.     Since December 1, 2010, and continuing through and including the Relevant Period, Defendants have committed unlawful and/or unfair business acts or practices as defined by the UCL, by violating the ARL, specifically, Cal. Bus. & Prof. Code §§ 17602(a)(1)-(3) and 17602(b).   The public policy underlying a UCL action under the unfair prong of the UCL is tethered to a specific statutory provision. *See*, Cal. Bus. & Prof. Code §§ 17600, 17602.   In addition, besides offending an established public policy, Defendants' acts or practices are immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.   Further, the utility of Defendants' conduct is outweighed by the gravity of the harm to Plaintiff and Class members.

58.     Plaintiff has standing to pursue this claim because she suffered injury in fact and has lost money or property as a result of Defendants' actions as set forth herein.   Plaintiff purchased Juice Plus's Products for personal and/or family purposes/use.

59.     As a direct and proximate result of Defendant's unlawful and/or unfair business acts or practices described herein, Defendant has received, and continues to hold, unlawfully obtained property and money belonging to Plaintiff and Class members in the form of payments made for automatic renewal agreements by Plaintiff and Class members.   Defendant has profited from its unlawful and/or unfair business acts or practices in the amount of those business expenses and interest accrued thereon.

60.     Plaintiff and similarly-situated Class members are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all monies paid by Class Members under the subscription agreements from their inception, to the date of such restitution at rates specified by law.   Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class members, from whom they were unlawfully taken.

61.     Plaintiff and similarly situated Class members are entitled to enforce all applicable penalty provisions pursuant to Cal. Bus. & Prof. Code § 17202, and to obtain injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203.

62.     Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of himself and others similarly situated.   Plaintiff's success in this action will enforce important rights affecting the public interest.   Plaintiff will incur

1   a financial burden in pursuing this action in the public interest.  An award of reasonable attorneys'

2   fees to Plaintiff is thus appropriate pursuant to California Code of Civil Procedure § 1021.5.

3         63.     Plaintiff, on behalf of himself and Class members, requests relief as described

4   below.

5                       **PRAYER FOR RELIEF**

6         WHEREFORE, Plaintiff demands judgment against Defendants and requests the following

7   relief:

8         A.     That this Court Order a preliminary and permanent injunction

9       enjoining Defendants from violating the UCL, Bus. & Prof. Code §§ 17200

10      et seq. and the ARL §§ 17600 et seq.;

11         B.     That this Court find and declare that Defendants have violated Cal.

12      Bus. & Prof. Code § 17602(a)(1) by failing to present the automatic renewal

13      offer terms in a clear and conspicuous manner and in the visual proximity

14      to the request for consent to the offer before the subscription or purchasing

15      agreement was fulfilled;

16         C.     That this Court find and declare that Defendants have violated Cal.

17      Bus. & Prof. Code § 17602(a)(2) by charging Plaintiff's and Class

18      Members' Payment Method without first obtaining their affirmative consent

19      to the automatic renewal offer terms or continuous service terms;

20         D.     That this Court find and declare that Defendants have violated Cal.

21      Bus. & Prof. Code § 17602(a)(3) by failing to provide an acknowledgment

22      that includes the automatic renewal or continuous service offer terms and

23      cancellation policy;

24         E.     That this Court find and declare that Defendants have violated Cal.

25      Bus. & Prof. Code § 17602(b) by failing to provide an acknowledgment that

26      describes a toll-free telephone number, electronic mail address, a postal

27      address only when the seller directly bills the consumer, or another cost-

28      effective, timely, and easy-to-use mechanism for cancellation;

F.     That this Court find and declare that Defendants have violated Cal. Bus. & Prof. Code § 17602(c) by failing to provide an exclusively online method of termination for the automatic renewal or continuous service for these consumers who signed up for such service online;

G.     That this Court find and declare that Defendants have violated the UCL and committed unfair and unlawful business practices by violating Cal. Bus. & Prof. Code § 1702;

H.     That the Court award to Plaintiff and Class members full restitution due to Defendant's UCL violations and finds pursuant to Cal. Bus. & Prof. Code §§ 17200 – 17205; that all goods, wares, merchandise, or products sent to Plaintiff and Class members under the automatic renewal/continuous service agreement are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603, and Plaintiff and Class members may use or dispose of the same in any manner they see fit without any obligation whatsoever on their part to Defendant, including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise or products.in the amount of their subscription agreement payments

I.     That this Court Order a preliminary and permanent injunction requiring Defendants to take the steps necessary to bring www.juiceplus.com into compliance with the ARL;

J.     That this Court award reasonable attorneys' fees and costs (including expert fees) and other expenses of suit pursuant to California Code of Civil Procedure § 1021.5, and/or other applicable law; and

K.     That this Court awards such other and further relief as it deems necessary, just, proper, and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury on all issues which can be heard by a jury.

Dated: November 22, 2019

BRODSKY & SMITH, LLC

By: _____
Evan J. Smith (SBN242352)
Ryan P. Cardona (SBN302113)
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone:    (877) 534-2590
Facsimile:    (310) 247-0160

*Attorneys for Plaintiff*

- 18 -
COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| — Evan J. Smith (SBN242352)<br>Brodsky & Smith, LLC<br>9595 Wilshire Blvd., Suite 900<br>Beverly Hills, CA 90212<br>TELEPHONE NO. 877-534-2590   FAX NO. 310-247-0160<br>ATTORNEY FOR *(Name):* Christine Lunsford | **CONFORMED COPY<br>ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**NOV 22 2019**<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br><br>By: Isaac Lovo, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central Civil West - Stanley Mosk Courthouse

CASE NAME:
Christine Lunsford v. The Juice Plus+ Company, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✔ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: | **19STCV42051** |

*Items 1–6 below must be completed (see instructions on page 2).*

**By Fax**

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse<br>condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | ☐ Enforcement of judgment (20) |
| ✔ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Miscellaneous Civil Complaint** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ RICO (27) |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Fraud (16) | ☐ Residential (32) | **Miscellaneous Civil Petition** |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Partnership and corporate governance (21) |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Other petition *(not specified above)* (43) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ✔ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ✔ Large number of witnesses
   b. ✔ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ✔ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✔ monetary   b. ✔ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 1
5. This case ✔ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 22, 2019
Evan J. Smith
     (TYPE OR PRINT NAME)     ▶ _(signature)_     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc. |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
      or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Christine Lunsford v. The Juice Plus+ Company, LLC, et al | CASE NUMBER: |
|---|---|

19STCV42051

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ✓ YES    CLASS ACTION? ✓ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 5-6 ☐ HOURS/✓ DAYS.

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**By Fax**

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property** | Business Tort (07) | ✓ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | (1.) 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | ☐ A6016  Intellectual Property | 2., 3. |

CIV 109 03-04 (Rev. 03/08)
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)

| SHORT TITLE: Christine Lunsford v. The Juice Plus+ Company, LLC, et al | CASE NUMBER |
|---|---|

| **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | i  A6017  Legal Malpractice | 1., 2., 3. |
| | i  A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | i  A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Wrongful Termination (36) | i  A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | i  A6024  Other Employment Complaint Case | 1., 2., 3. |
| | i  A6109  Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06) (not insurance) | i  A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | i  A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | i  A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | i  A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | i  A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | i  A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | i  A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | i  A6009  Contractual Fraud | 1., 2., 3., 5. |
| | i  A6031  Tortious Interference | 1., 2., 3., 5. |
| | i  A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | i  A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| Wrongful Eviction (33) | i  A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | i  A6018  Mortgage Foreclosure | 2., 6. |
| | i  A6032  Quiet Title | 2., 6. |
| | i  A6060  Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer-Commercial (31) | i  A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | i  A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | i  A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | i  A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | i  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Employment · Contract · Real Property · Judicial Review Unlawful Detainer

| CIV 109 03-04 (Rev. 03/06)<br>LASC Approved | **CIVIL CASE COVER SHEET ADDENDUM**<br>**AND STATEMENT OF LOCATION** | LASC, rule 2.0<br>Page 2 of 4 |
|---|---|---|

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Christine Lunsford v. The Juice Plus+ Company, LLC, et al | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Christine Lunsford v. The Juice Plus+ Company, LLC, et al | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: 4612 Harriman Ave. | | |
|---|---|---|---|
| ✔ 1. ⌈ 2.⌈ 3.⌈ 4.⌈ 5.⌈ 6.⌈ 7.⌈ 8.⌈ 9.⌈ 10. | | | |
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90032 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _Central_ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: _November 22, 2019_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 03-04 (Rev. 03/06).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/22/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Isaac Lovo _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>19STCV42051 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Maren  Nelson | 17 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on 11/22/2019
   (Date)

By Isaac Lovo _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15 days** after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**